OTTO W. P. WESTERVELT et al., Composing the Firm of W. H. WESTERVELT & Co. et al., Respondents, *v.* GEORGE A. PHELPS et al., Appellants.

1. BILL OF LADING — INDORSEMENT BY CONSIGNOR TO AGENTS OF SHIP-OWNER AS SECURITY FOR ADVANCES MADE THEREON — OWNERSHIP OF BALANCE OF CASH PROCEEDS OF GOODS AFTER DEDUCTING ADVANCES. A bill of lading issued by the master of a vessel to a consignor stated that the goods on arrival at the place of destination were to be delivered "unto order or his or their assigns," and was indorsed by the consignor to the order of the agents of the owners of the vessel for advances made to him upon the goods for and on account of their principals, and was by them thereafter indorsed to the owners of the vessel; the invoices accompanying the goods, which were signed by the consignor, stated that the goods were shipped "per S. S. Aquileja for New York and consigned to order;" all the other papers relating to the shipment described the consignment as the property and on account of the consignor, and the goods, upon arrival at New York, were sold by the owners of the vessel, and the proceeds thereof, after deducting charges and the advances made by them to the consignor through their agents at the port of shipment, were held by them for the account and benefit of such agents upon the theory that they had, or might have, some claim thereon for advances made upon their own account; in an action brought by a sheriff and attaching creditor of the consignor against the owners of the vessel to recover such surplus, *held,* that, the invoices and other papers accompanying the shipment constituted *prima facie* and sufficient evidence, in the absence of any evidence to the contrary, to support a finding that such surplus was the property of the consignor at the time the attachment was levied thereon and to sustain the direction of a verdict for the plaintiffs.

2. EFFECT OF REQUEST FOR DIRECTION OF A VERDICT. Where each party asks that a verdict be directed in its favor, without requesting the submission of any specific questions of fact, the right to go to the jury is waived and the verdict is one in form only; the finding is in reality by the court and the jury is merely its mouthpiece to announce the decision, and where there is evidence to support such finding the judgment must be affirmed.

*Westervelt* v. *Phelps,* 54 App. Div. 244, affirmed.

(Argued April 18, 1902; decided May 13, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered Decem-

ber 6, 1900, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lorenzo Ullo* for appellants. Defendants are bound to recognize Lagana & Co. as holding the legal title to the proceeds of sale of the lemons. (*Bank of Boston* v. *L. E. & W. R. R. Co.*, 106 N. Y. 195; *M. & T. Bank* v. *F. Bank*, 60 N. Y. 40; *F. & M. Bank* v. *Hazeltine*, 78 N. Y. 104; *F. & M. Nat. Bank* v. *Logan*, 74 N. Y. 568; *First Nat. Bank* v. *Shaw*, 61 N. Y. 283; *Conrad* v. *Atlantic Ins. Co.*, 1 Pet. 386; *Commercial Bank* v. *Pfeiffer*, 108 N. Y. 242; *Means* v. *Bank of Randall*, 146 U. S. 620, 627; *Colgate* v. *Penn. Co.*, 102 N. Y. 120; Daniel on Neg. Inst. §§ 1728–1731, 1793; *Willets* v. *Hatch*, 132 N. Y. 41.) The question to be reviewed is one of law, calling for a decision on conceded facts and not for one as to the sufficiency of evidence. (*Reed* v. *McCord*, 160 N. Y. 330; *Ex parte Vermilyea*, 6 Cow. 556; *Matthews* v. *Coe*, 49 N. Y. 57; *Sheldon* v. *Sheldon*, 51 N. Y. 354; *Pollock* v. *Pollock*, 71 N. Y. 137; *Reynolds* v. *Robinson*, 82 N. Y. 103; *Halpin* v. *P. Ins. Co.*, 118 N. Y. 165; *Flack* v. *Vil. of Green Island*, 122 N. Y. 107; *Van Bockelen* v. *Berdell*, 130 N. Y. 141; *City of Cohoes* v. *D. & H. C. Co.*, 134 N. Y. 397.) The private entries in defendants' correspondence cannot be taken as confessions against interest. (*Brennan* v. *Hall*, 131 N. Y. 166.) The legal title in Lagana & Co. cannot be attacked in this action. (*Anthony* v. *Wood*, 96 N. Y. 180; *Cutler* v. *J. G. Co.*, 43 Hun, 516; *Sterrett* v. *T. Nat. Bank*, 46 Hun, 22; *M. & T. Bank* v. *Dakin*, 50 Barb. 587; *Hall* v. *Brooks*, 89 N. Y. 33; *Chambers* v. *Bentley*, 15 Civ. Pro. Rep. 222; *Buckingham* v. *White*, 25 Hun, 441; *Thurber* v. *Blank*, 50 N. Y. 80; *Hess* v. *Hess*, 117 N. Y. 306; *Macauley* v. *Smith*, 132 N. Y. 524.) Plaintiffs have not complied with the statutory provisions of subdivision 2 of section 665 of the Code of Civil Procedure. (*Whitney* v. *Davis*, 148 N. Y. 256; 88 Hun, 168; *F. Nat. Bank* v. *Davis*, 35 N. Y. Supp.

532; *Butcher* v. *Pearson*, 43 App. Div. 468; *Whitney* v. *Davis*, 3 Ann. Cas. 88, 95; *Blossom* v. *Ester*, 84 N. Y. 614; 22 Hun, 472; *Moore* v. *Hamilton*, 7 Ill. 429; *May* v. *Barker*, 15 Ill. 89; *Pool* v. *Webster*, 3 Metc. 278; *Jaffray* v. *Jennings*, 101 Mich. 515; *Rankin* v. *Dulaney*, 43 Miss. 197; *Bogart* v. *Dart*, 25 Hun, 395.)

*Frederic W. Hinrichs* and *Alfred E. Hinrichs* for respondents. The order of affirmance was unanimous, and under the Constitution of 1894, article 6, section 9, this court cannot review the question whether there is any or sufficient evidence to sustain the decision of the trial court. (*Reed* v. *McCord*, 160 N. Y. 330; *Szuchy* v. *Hillside C. & I. Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Marden* v. *Dorthy*, 160 N. Y. 39; *Thompson* v. *Simpson*, 128 N. Y. 285; *Adams* v. *R. L. Co.*, 159 N. Y. 180.) Where both parties ask for a direction of a verdict, although the evidence does not entitle the court to make a direction, the effect of the request is to submit the question of fact for determination by the court, and amounts to a waiver of trial by jury. (*Reilly* v. *Lee*, 16 N. Y. Supp. 315; *Kirtz* v. *Heck*, 113 N. Y. 226; *Thompson* v. *Simpson*, 128 N. Y. 285; *Trimble* v. *N. Y. C. R. R. Co.*, 162 N. Y. 84; *S. Nat. Bank* v. *Weston*, 161 N. Y. 527; *Smith* v. *Weston*, 159 N. Y. 194; *Peck* v. *P. Ins. Co.*, 130 N. Y. 160; *Kinnear* v. *Powell*, 3 Misc. Rep. 449; *Page* v. *Voorhies*, 40 N. Y. S. R. 696.) In the absence of an order denying a motion for a new trial and of an appeal from the same, the facts cannot be reviewed, and there is nothing before the appellate court but the exceptions taken during the trial. (*Davis* v. *Willis*, 22 N. Y. Supp. 339; *Richardson* v. *Hartmann*, 68 Hun, 9; *Carroll* v. *O'Shea*, 2 Misc. Rep. 437; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 63 Hun, 204; *Burrows* v. *A. S. S. Co.*, 46 N. Y. S. R. 533.) This action is not under subdivision 2, section 655 of the Code of Civil Procedure, as appellants assert; it is not for discovery or to reach equitable assets, but is under subdivision 1 of that section, to reduce to possession known property of Canepa

already levied upon, a well-defined debt owing to him by these defendants. (*Davidson* v. *C. Nat. Bank*, 32 Hun, 138; *Whitney* v. *Davis*, 88 Hun, 168.)

VANN, J. The persons who compose the firm of W. H. Westervelt & Company, united with the sheriff of the city and county of New York in bringing this action against the persons composing the firm of Phelps Brothers & Company, to recover the proceeds of certain merchandise consigned to the latter, which had been levied upon by the sheriff under an attachment issued in behalf of the plaintiffs' firm against the property of one Vincenzo Canepa, a non-resident debtor. The merchandise, consisting of 190 boxes of lemons, was shipped by Canepa from Palermo, Italy, on one of the defendants' vessels to be carried to the port of New York. A bill of lading was issued to him by the master of the vessel, stating that on the arrival of the goods at the place of destination they were to be delivered "unto order or his or their assigns, he or they paying freight."

Lagana & Co., who were the agents of the defendants at Palermo, advanced certain moneys to Canepa for them and with their approval, upon the goods described in the bill of lading. Canepa indorsed the bill of lading to the order of Lagana & Co., and they indorsed it to the order of the defendants. The invoice accompanying the lemons, which was duly signed by Canepa, stated that they were shipped by him "per S. S. Aquileja for New York and consigned to order." All the documents relating to the shipment described the consignment as the property of Canepa. Lagana & Co. sent sundry papers, containing a similar description, to the defendants at their branch office in Liverpool, which were forwarded from that place to them at their main office in New York. The agent of the defendants in Liverpool sent them a list of the shipping documents relating to various shipments, in which he described the one under consideration as follows: "190 boxes ℀ Vincenzo Canepa." The ship's manifest or index of the cargo, the consular invoice, the inclosure and

instruction slips and all other papers relating to the lemons described them as " on account of Vincenzo Canepa."

Upon the arrival of the goods at New York they were sold at auction under the direction of the defendants, who, after deducting their advances and charges, held the balance, amounting to the sum of $298.54, when the attachment was levied thereon. The fruit was not attached but only the surplus after payment of all advances and expenses. The account of sales, made out three weeks after the sale by the New York house for transmission to the Liverpool branch, was headed " Account of the sales and net receipts of 190 cases shipped on Aquileja coming from Palermo for the account and risk of Mr. V. Canepa." Neither in their answer nor evidence did the defendants make any claim, for themselves, to the balance of the proceeds, but they insist that they are bound to recognize Lagana & Co. as holding the legal title to the proceeds of the lemons. No evidence was given tending to show that Lagana & Co. advanced any money on the bill of lading on their own account, or that they acted in any respect with reference thereto except as the agents of the defendants.

At the close of the evidence both parties moved for the direction of a verdict, and neither asked to go to the jury upon any question. The court directed a verdict in favor of the plaintiffs for $298.54, and the defendants excepted to the denial of the motion for the direction of a verdict in their favor and to the granting of the motion for the direction of a verdict in the plaintiffs' favor. Upon appeal to the Appellate Division, the judgment entered upon the verdict was unanimously affirmed, and the defendants now come here.

The defendants claim that Lagana & Co., who were their agents, are entitled to the fund, although no evidence was given to support the title except the indorsement of the bill of lading to them. That muniment of title they parted with when they indorsed it over to the defendants without restriction or notice. While it is possible that Lagana & Co. may have made advances on their own account, the presumption is that they did not, because they transferred the bill of lading

to the defendants, and although they advised them of the amount advanced on their account, they gave no notice of any other advances.

By indorsement and delivery the title to the bill of lading passed to the defendants and carried with it the apparent title to the goods. On the face of the matter Lagana & Co. acted simply as agents for the defendants, and if they had any personal interest to protect, or sustained any relation to the transaction other than that specified by them, the presumption is that they would have given notice thereof, or made a restrictive indorsement, or made their claim known in some way. They remained silent, leaving as the only original evidence of ownership the invoice signed by Canepa, the shipping documents made out in his name as owner and the bill of lading transferred to the defendants, with no limitation or condition. Under these circumstances, the absolute transfer of the bill, without notice of any claim, was a waiver by Lagana & Co. of any right they may have had so far as the defendants are concerned. Hence, the defendants, after satisfying their own claim out of the proceeds of the goods, held the balance, not for Lagana & Co., their own agents, but for Canepa, the consignor and original owner.

Thus, "a cause of action arising upon contract" existed in favor of Canepa against the defendants, which was subject to levy under the attachment. (Code Civ. Proc. § 648.) The sheriff holding the attachment, either alone or jointly with the attaching creditors, was authorized to maintain an action to collect the demand attached, and such was the purpose of the action before us. (Ibid. §§ 655, 677.) Upon the trial of the issue as to who owned the net proceeds the defendants disclaimed any interest therein. While this did not confer title upon Lagana, it destroyed the presumption arising from the indorsements of the bill of lading, which was not conclusive evidence as to ownership, but was subject to further proof. (*Price* v. *Powell*, 3 N. Y. 322, 325; *Bailey* v. *Hudson R. R. R. Co.*, 49 N. Y. 70; *Farmers & Mechanics' Nat. Bank* v. *Logan*, 74 N. Y. 568.)

The plaintiffs were not bound to establish their rights beyond a doubt, but they could rest upon the reasonable presumptions which their evidence created. If the defendants, in good faith, apprehended that their agents had some claim which they might at some time assert, although they had given no notice thereof, they could have procured a commission to examine them, and thus learned for themselves and shown to the court the exact facts. It was sufficient for the plaintiffs to make out a *prima facie* case, provided it satisfied the trier of the facts that their theory was true. They, however, went beyond the shipping documents and showed that the defendants, as well as their agent at Liverpool, in handling the consignment treated it and the proceeds thereof as the property of Canepa, subject only to their own advances and expenses.

The facts already recited show that the trial justice was warranted in finding as a fact, that Canepa was the owner of the balance in the hands of the defendants at the time the attachment was levied. If either party had so requested, the question would doubtless have been submitted to the jury for decision, but no request was made upon the subject, and on the other hand, each party asked that a verdict be directed in its favor. This, as we have repeatedly held, "amounted to a submission of the whole case to the trial judge, and his decision upon the facts has the same effect as if the jury had found a verdict in the plaintiffs' favor after submitting the case to them." (*Adams* v. *Roscoe Lumber Co.*, 159 N. Y. 176, 180 ; *Sutter* v. *Vanderveer*, 122 N. Y. 652.)

As we said in *Thompson* v. *Simpson* (128 N. Y. 270, 283): "The effect of a request by each party for a direction of a verdict in his favor clothed the court with the functions of the jury, and it is well settled that in such a case where the party whose request is denied does not thereupon request to go to the jury on the facts, a verdict directed for the other party stands as would the finding of a jury, for the same party, in the absence of any direction, and the review in this court is governed by the same rules as apply in cases of ordinary verdicts rendered without any direction."

Although there was a verdict in form, in reality the finding was by the court. Hence, if necessary, the rule in cases of unanimous affirmance can be applied the same as if the jury had been withdrawn, the case submitted to the court for decision and written findings made. The verdict was not directed by the court within the true meaning of the Constitution, but by the consent of both parties the court decided the question as one of fact, and the verdict simply expressed the result, which was a finding both of fact and also of law, by the court. (Const. art. VI, § 9.) The jury was merely the mouthpiece of the court to announce its decision.

But it is unnecessary to apply the rule in this case, for the right to go to the jury was waived by the defendants, and there was evidence to support the findings as made by the court.

We find no reversible error in the record, and the judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.