THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORTIMER F. GLEASON, Respondent, v. JOHN J. SCANNELL, as Fire Commissioner of the City of New York, Appellant.

1. MANDAMUS — ALTERNATIVE WRIT — EFFECT OF A VERDICT DIRECTED AT REQUEST OF BOTH PARTIES. Where both parties to a trial of issues presented by an alternative writ of mandamus request the direction of a verdict, a verdict directed for the relator has the same effect as one found in his favor by a jury after a submission of the case, and where the judgment entered thereon has been affirmed by the Appellate Division the facts must be deemed settled in favor of the relator.

2. CIVIL SERVICE — LONG ISLAND CITY — REMOVAL OF FIREMAN APPOINTED UNDER CHARTER OF, BY FIRE COMMISSIONER OF GREATER NEW YORK — MANDAMUS. Where the power of appointing firemen was given by the charter of Long Island City to the board of fire commissioners, subject only to the limitation that the annual expenses of the department should not exceed a certain sum, a fireman, who was appointed by such board, after a successful civil service examination, has the right to retain his position until removed for cause upon notice and a hearing, and where he has been summarily removed by the fire commissioner appointed under the new charter of the city of New York, by which Long Island City was absorbed by the greater city, upon the ground that his appointment was illegal, he is entitled to a writ of mandamus requiring such commissioner to restore him to his position upon proof of his appointment by the board of commissioners of Long Island City, unless it is shown as a matter of defense by the commissioner removing him that the limitation prescribed by the charter of Long Island City was exceeded; and when such commissioner did not ask to go to the jury upon that question, the verdict directed for the relator has all the effect of a finding to the contrary.

*People ex rel. Gleason* v. *Scannell*, 69 App. Div. 400, affirmed.

(Argued June 11, 1902; decided November 11, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 7, 1902, which affirmed an order of the Special Term

granting a motion for a peremptory writ of mandamus requir-
ing the defendant to reinstate the relator as a member of the
fire department of the city of New York.

The facts, so far as material, are stated in the opinion.

*George L. Rives, Corporation Counsel (James McKeen* of
counsel), for appellant. The obvious purpose of the action
taken by the board of fire commissioners of Long Island City
was to foist upon the Greater New York a number of addi-
tional firemen and extended additions to the plant of the fire
department in violation of the plan of consolidation. The
relator is one of a number of men appointed at or about the
same time, and is chargeable with full knowledge of the essen-
tially fraudulent character of this scheme. (*Hendrickson* v.
*City of New York*, 160 N. Y. 144 ; *Stuber* v. *Coler*, 164 N.
Y. 29.) The contention of the relator that the direction of a
verdict in his favor, after a concession by the corporation
counsel that there was no question of fact to be submitted to
the jury, makes the direction of such a verdict the equivalent
of a finding by the court determining all the facts in his
favor, is entirely without force or merit. (Code Civ. Pro.
§ 2087.)

*W. W. MacFarland* and *Nelson Smith* for respondent.
The exception to the direction of a verdict for the relator was
not well taken. (*Milbank* v. *Jones*, 127 N. Y. 370 ; *Bren-
nan* v. *Mayor, etc.*, 62 N. Y. 365 ; *Debautte* v. *Curiel*, 2 Misc.
Rep. 170 ; *Boyer* v. *Fenn*, 19 Misc. Rep. 128 ; *U. S.* v. *Dick-
inson*, 15 Pet. 141–165 ; *Spiers* v. *Parker*, 1 T. R. 141 ;
*Walton* v. *Mayor, etc.*, 26 App. Div. 76 ; *McDonald* v.
*Mayor, etc.*, 68 N. Y. 23 ; *Smith* v. *City of Newburg*, 77 N.
Y. 130 ; *Swift* v. *Mayor, etc.*, 83 N. Y. 528.) The principle
of the constitutional and statutory provisions, that no unani-
mous decision of the Appellate Division that there is evidence
supporting or tending to sustain a finding of fact or verdict
not directed by the court shall be reviewed by this court,
applies with equal force to a verdict directed, as this was, by
the consent of the parties. (Code Civ. Pro. § 191.)

O'BRIEN, J. This proceeding originated in the relator's petition for a peremptory mandamus requiring the defendant to restore him to his position as a member of the fire department of the city of New York. On the application for the writ some of the material facts stated in the relator's petition were denied by the defendant and an alternative writ was issued to which the defendant made return. The issues thus presented by the petition, alternative writ and return were tried before the court and a jury on the 10th day of January, 1900, and the jury by direction of the court found a verdict for the relator.

At the close of the trial both sides insisted that there was no question for the jury, and both sides in effect requested a direction by the court. The court directed a verdict for the relator and the judgment was unanimously affirmed on appeal. If there was any dispute with respect to the facts stated in the relator's petition, which we cannot perceive, that dispute must be deemed to be settled in favor of the relator. The direction, having been requested by both sides, has the same effect as if the jury had found a verdict in relator's favor after a submission of the case to them. (*Adams* v. *Roscoe Lumber Co.,* 159 N. Y. 176 ; *Westervelt* v. *Phelps,* 171 N. Y. 212.) But of course the direction does not settle the law arising from the facts alleged by the relator. Whether upon these facts he was entitled to be restored to membership in the fire department is a question of law which this court can review. There is no case before us in the record except that of the relator, and we propose to decide that case and no other. In the briefs of counsel on both sides there is to be found considerable discussion with respect to other persons that it is said were appointed at or about the same time as the relator and removed under like circumstances. All we mean to say with respect to these parties is that their cases are not before us now and we decide nothing in regard to any case but the one presented by the record.

The relator's case, as we view it, seems to be a very plain and simple one without any serious obstacles in the way of

the relief which he demands. The undisputed facts upon which his claim is based are these: On the 17th day of November, 1897, the board of fire commissioners of Long Island City removed ten persons, who prior to that time had been a part of the force, and the removal was made on the ground and for the reason that these persons were not qualified inasmuch as they had not passed the civil service examination as required by law. This left ten vacant places in the force as it had previously existed. On the 24th day of November, 1897, the commissioners appointed to fill these vacancies ten other persons who had duly passed the civil service examinations and were qualified for the places. The relator was one of these persons, so that there cannot be any serious question with respect to the validity of the appointment. The power of appointment was conferred upon the commissioners by the city charter. They did not by that act increase the force or the expenses of the city, but merely kept it at the point where it was before. On the first day of January, 1898, the new charter of the city of New York went into complete operation, and Long Island City was absorbed in the greater city. By section 722 of the new charter the relator was made a member of the fire department of the new city, in which position he continued to serve down to the 19th day of March, 1898, when he was removed by the defendant. The only ground for the removal is stated in a written notice served upon the relator by the defendant to the effect that he had been advised by the corporation counsel that the appointment of firemen in Long Island City made in and subsequent to November, 1897, was illegal, and that the relator was relieved from all further duty in the department and that his right to be considered a member of the fire department was no longer recognized. It will be seen that the entire controversy turns upon the validity of the relator's appointment to the force in November, 1897. The power of appointment was given to the board that appointed the relator in general terms, subject to one limitation, and that was that the expenses of the department should not in any one

year exceed $40,000. It is not seriously contended that the appointment of the relator and the nine other persons to fill the vacancy caused by the removal of an equal number who were not qualified to serve and were appointed in disregard of the regulations for the civil service, violated this limitation. The most that is claimed is that other and subsequent appointments did, but that question is foreign to the present case. It is proper, however, to observe with respect to this limitation and its effect upon the power of appointment that it was no part of the relator's case to show that the expense of the department was kept within the sum designated. The relator could make out his case by producing the written evidence of his appointment in the form of a resolution of the board. Whatever effect the limitation in regard to the expenses of the department contained in the charter had upon the validity of the relator's appointment to the force by the board, it was matter of defense. (*McNulty* v. *City of New York*, 168 N. Y. 117.) The defendant has no finding in this case that the limitation was exceeded. He did not ask to go to the jury upon that question, and the directed verdict has all the effect of a finding to the contrary. There was some proof given at the trial tending to show the expenses of the department down to the latter part of November of the year, but no one would claim that it was conclusive, even if it was competent, and as the burden of furnishing such a finding as an answer to the application, if it was an answer, was upon the defendant, this court cannot now assume such a fact to be conclusively established upon the record, even if it could be held to be a complete answer to the application. (*Milbank* v. *Jones*, 127 N. Y. 370; *Rowell* v. *Janvrin*, 151 N. Y. 60; *Brennan* v. *Mayor, etc., of N. Y.*, 62 N. Y. 365.)

This case, when the most favorable view for the defendant is taken, may be summarized in this way : The relator is seeking to enforce a right founded upon a statute, namely, the right to retain his position until removed for cause and upon notice and a hearing. The defendant is seeking to defeat that right by a limitation in the statute in the nature of a

proviso. The rule of law in such cases is that the defendant must not only show that the proviso as matter of law defeats the right claimed, but that as matter of fact it is applicable to the relator, and so far as this depends upon an inquiry with respect to facts *dehors* the statute these facts must in this court appear to be conclusively established by some affirmative finding. Whatever may be said with respect to the first condition, it is very clear that the last one is not present in the record before us, and, therefore, the defendant has failed to meet and answer the relator's case. The power to appoint as many firemen as may be necessary is in the enacting clause of the statute and the provision that the expense shall not exceed $40,000 each year is in a subsequent clause in the nature of a proviso.

The enacting clause being general, followed by a subsequent clause to qualify or restrain its generality in the nature of a proviso, the restraining clause must be held to be matter of defense and the burden is upon the party who claims under it to show that his case comes within the words as well as the reason of the qualifications. (*Rowell* v. *Janvrin, supra ; United States* v. *Dickson,* 15 Peters, 165 ; *Ryan* v. *Carter,* 93 U. S. 83 ; *Spieres* v. *Parker,* 1 T. R. 141 ; Potter's Dwarris on Stat. 118, 119.) On the record now before us it must, therefore, be held that the relator was legally appointed and improperly removed and so the order appealed from must be affirmed, with costs.

CULLEN, J. (concurring). I concur in the conclusion of Judge O'BRIEN that this judgment should be affirmed because the relator was appointed to fill a vacancy in the then existing force. I also agree with the learned judge, that we are not called upon to decide the status or rights of the sixty or seventy appointments to the new fire companies established by the resolution of December 14, 1897 ; but I fear that there are some views expressed in his opinion which may affect the cases of these latter appointees, from which views I differ. It is true that the direction in the statute (§ 4,

21

chap. 122, Laws of 1894), "but the said commissioners shall not have the right to select or appoint employees in said department in sufficient number to cause the expense of the department to exceed the sum of forty thousand dollars per annum," is in the nature of a proviso, but the rule in this state is that a proviso prevails over the general purview of the statute. (Opinion by Church, Ch. J., *Matter of New York and Brooklyn Bridge*, 72 N. Y. 530.)

Probably in every municipal charter in this state there are found stringent limitations on the power of the municipal officers to incur debts or obligations. The charter of Long Island City (Chap. 461, Laws of 1871) forbids the common council to incur debts or to use money for any purpose except for that for which it had been appropriated. By chapter 232 of the Laws of 1890, as amended by the act of 1894, the fire department of the city was reorganized. Its management and control, the appointment of firemen, the regulation of their salaries within certain prescribed limits and the purchase of fire engines and supplies, were vested exclusively in the board of fire commissioners, independent of any other branch of the government. The only limitation on the power of the board was that the expense of the department should not exceed $40,000 annually. This limitation should be rigidly upheld. The scheme of the charter of Long Island City is not in this respect singular. It is the plan adopted in the general act relating to the cities of the second class (Chap. 182, Laws of 1898) which grants to the heads of the various city departments exclusive power to fix the number and salaries of their employees, but which gives to the common council the right to fix the total expenditure of each department.

In a case recently before us, which arose under that statute, it was said by Judge Martin : "It (the common council) may, therefore, by refusing to appropriate the amount called for by the board, limit the expenditures of any office or department to the amount appropriated, and thus lessen the expenses of the city government." (*Pryor* v. *City of Rochester*, 166 N. Y. 548, 559.)

This plan of municipal government can be made to work successfully only by holding that every appointment by the head of a department of an employee whose salary involves an expenditure in excess of the amount appropriated for the use of the department is illegal and void, excepting, of course, in cases where the number or salaries of subordinates are prescribed by statute. It does not appear, however, in this case that the fire department, as organized previous to the establishment of the new fire companies, involved an expenditure in excess of that prescribed by statute, and, therefore, the relator's appointment to a vacancy in the force as it had previously existed may well be sustained. The increase of the force by the resolution of December 14, to an extent involving on its face an annual outlay for salaries far in excess of that prescribed by statute, presents a very different question, to be dealt with when it comes before us.

PARKER, Ch. J., GRAY, HAIGHT and WERNER, JJ., concur with O'BRIEN, J.; VANN, J., concurs with CULLEN, J.

Order affirmed.