## MURTAGH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 16, 1905.)

OFFICERS—SALARY—ACTION—PLEADING.

In an action by a police patrolman for salary earned, it was incumbent on him to establish due appointment, and defendant might, under a general denial, show that the appointment was invalid by reason of the fact that the number of men on the force exceeded the statutory limit.

Appeal from Special Term, Queens County.

Action by Thomas Murtagh against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James D. Bell, for appellant.
Jacob Rouss (Louis J. Grant, on the brief), for respondent.

MILLER, J.  The plaintiff alleges that he was duly appointed on the police force as a patrolman, and that he rendered services as such during the period for which he has recovered the judgment appealed from.  The answer is a general denial.  It was conceded on the trial that he was appointed by the police board of Long Island City on the 23d day of November, 1897, the board which then had the power of appointment for said city, and that he performed services during the period for which he sought to recover salary; but it was insisted by the defendant that the appointment was void, for the reason that the number of patrolmen then on the force exceeded 75, which was the number limited by the charter of said city.  The defendant offered to call witnesses to prove the number of patrolmen then in service, and also stated that he had 30 judgment rolls showing the number of men reinstated at the time.  This was objected to, and after some conversation the court stated, "I think I will exclude all this proof, and I will give plaintiff judgment for the amount," to which the defendant excepted.  The sole question presented by this appeal is whether the invalidity of the appointment, by reason of the fact that the number of men on the force exceeded the limit authorized by the statute, was an affirmative defense, which should have been pleaded.  The action is to recover salary which attaches to an office.  Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835.  It is not an action to recover compensation for services performed by an employé.  There can be no doubt upon the proposition that one claiming a salary must establish his right to the office to which the salary attaches.  It would seem clear, therefore, that every fact which bore upon the validity of the appointment would be available to the defendant under a general denial, because a defendant can controvert anything which the plaintiff is bound to prove in the first instance.  Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388.  Of course, when the appointment of the plaintiff was admitted, a prima facie case had been established, because the plaintiff could rely upon the presumption that the board appointing him had proceeded pursuant to law, and he was not, therefore, obliged to negative in the first instance the proposition that the number of men on the force exceeded 75.  The fact which he had alleged and was bound to establish was that he was duly appointed.  This was put in issue by the general denial, and any fact which tended to show that he was not duly appointed was available to the defendant.  The defendant is not limited by a general denial to the evidentiary facts upon which the plaintiff is bound to offer evidence in the first instance; but the presumption attaching to the certificate of appointment did in fact tend to negative the proposition that the number of men on the force exceeded the limit fixed by the charter, and under the general denial the defendant was at liberty to overcome this presumption.  There is nothing in this view in conflict with the views expressed in People ex rel. Gleason v. Scannell, 172 N. Y. 316, 65 N. E. 165, McNulty v. City of New York, 168 N. Y. 117, 61 N. E. 111, and Brennan v. Mayor, 62 N. Y. 365.  In the Gleason Case it did not appear that the relator's appointment offended the statute, and,

whatever may be the rule in the case of a mere employé suing to recover for services upon a contract express or implied, we think that, in the case of an officer suing for salary, any fact tending to show that he was not legally an officer is available to the defendant under a general denial.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.