[Civ. No. 5295. First Appellate District, Division One.—June 24, 1926.]

## C. E. NASH, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

[1] MUNICIPAL CORPORATIONS—OCCUPATION OF CITY POSITIONS—RECOVERY OF COMPENSATION—CIVIL SERVICE—PLEADING.—In an action against a municipality to recover compensation annexed to certain positions, which must be filled according to the provisions of the city charter dealing with civil service, for services alleged to have been rendered by plaintiff in such positions, in the absence of allegations of an appointment or promotion of plaintiff, in conformity with the charter provisions, to such positions, his complaint failed to state a cause of action and consequently the demurrer thereto was properly sustained.

[2] ID.—APPOINTMENT TO POSITION—METHOD PRESCRIBED BY CHARTER—RENDITION OF SERVICES—QUANTUM MERUIT.—Where the charter or statute prescribes the method by which appointments or assignments to particular positions provided for under municipal government shall be made, it is an essential condition to a recovery of the salary annexed to such positions that the prescribed method of appointment or assignment be followed, and where it is not followed no action on *quantum meruit* will lie against the municipality upon the theory that the party seeking to recover said salary acted in the capacity and performed the services of such position, such rule being grounded mainly upon the proposition that the right to receive the salary is an incident which attaches itself to the legal title to the office and not to its occupation and exercise.

[3] ID.—IMPLIED CONTRACT—CHARTER PROVISIONS—RENDITION OF SERVICES—LIABILITY OF MUNICIPALITY.—In an action to recover from a municipality upon an implied contract a sum in excess of five hundred dollars for services rendered by plaintiff as civil engineer in making for the city, during the period of time he was employed in other capacities in the city engineering department, an appraisal of a reduction plant, where the municipal charter provides that every contract involving an expenditure of more than five hundred dollars shall be made only after certain preliminary proceedings which are specified in the charter have been followed, in the absence of any allegation in the complaint of a compliance with

---

2. See 18 Cal. Jur. 968; 21 Cal. Jur. 942; 23 R. C. L. 525.

these charter requirements, the municipality is not liable to plaintiff for compensation based entirely upon the theory of an implied contract.

(1) 43 C. J., p. 903, n. 35, p. 909, n. 37.   (2) 43 C. J., p. 686, n. 76, p. 909, n. 43 New.   (3) 28 Cyc., p. 669, n. 88.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller, for Appellant.

Jess E. Stephens, City Attorney, and Lucius P. Green, Assistant City Attorney, for Respondents.

KNIGHT, J.—This is an action against the City of Los Angeles and the members of its Board of Public Works to recover the sum of $7,781.34 upon three rejected claims for personal services alleged to have been performed by plaintiff for the city. A demurrer to the complaint, and to each of the five counts set forth therein, upon the ground of insufficiency of facts, was sustained, with leave to amend, and plaintiff, having declined to amend, judgment of dismissal was entered. Plaintiff appeals.

In the first two counts it is alleged that between October 1, 1918, and December 1, 1922, plaintiff performed the duties and rendered the services of "senior cost accountant" of said city, for which he was entitled to compensation in the sum of $9,716.80, the only difference between the causes of action stated in these counts being that in the first one the claim for compensation is based upon a classification of employment established by municipal ordinances enacted pursuant to authority granted by the civil service provisions of the city charter, standardizing the salaries of the city employees; and in the second count the claim for such compensation is based upon a *quantum meruit*. In the third and fourth counts it is alleged that during the same period of time specified in the first two counts plaintiff performed duties and rendered services of "chief cost accountant" which entitled him to compensation in the sum of $11,040, the same distinction existing between the

causes of action set forth in these latter counts as exists between the first and second counts. It further appears, however, from each of the four counts mentioned, that during the particular period of time plaintiff claims to have rendered services as senior cost accountant and chief cost accountant, to wit, between October 1, 1918, and December 1, 1922, he was, and for several years prior thereto had been, employed in the engineering department of the Board of Public Works of said city, for which employment he was regularly paid a salary aggregating $7,870. By the present action, therefore, so far as the first four counts are concerned, plaintiff seeks to recover only the difference between the sum already received by him and the greater sums claimed to be due under the higher classification of employment. It is further alleged that the claims sued upon were duly presented for payment to said Board of Public Works, and were by said board rejected.

The charter of the City of Los Angeles prescribes a system of civil service for the employment and promotion of the greater number of the city employees, the provisions of which expressly include those employed in the engineering department. (Art. XXIII, Los Angeles Charter.) Provision is made therein for promotional examinations and the creation of certified lists of those passing such examinations and the rating to be given to the same, from which lists selection must be made for appointment to positions which are from time to time created. (Secs. 229–254, incl., Charter of Los Angeles.) In this regard section 237 declares in part as follows: "The commission shall by its rules provide for the promotion in such classified civil service on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases where it is practicable that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination; and it shall be the duty of the commission to submit to the appointing power the names of not more than three applicants for each promotion having the highest rating . . . " Said charter also provides that "the auditor shall not, nor shall any auditing or accounting officer of the city, approve any demand for the salary or wages of any person subject to the provisions of this article, for ser-

vices as an officer or employee of such city, before the appointment of such person to the classified civil service has been certified . . . " (Sec. 252, Charter of the City of Los Angeles.)

[1] The complaint nowhere alleges, nor does plaintiff claim, that he was appointed, certified, or promoted, in the manner prescribed· by the civil service provisions of the charter, to the positions to which are annexed the salaries he is seeking to recover, it being alleged in this respect merely that said services were rendered with the "full knowledge, acquiescence, and consent" of the city and "at the request of" the city and of the officers in charge of said department. Defendants therefore claim that because of the absence of such allegations the first four counts of the complaint are fatally defective. Answering this proposition, plaintiff contends that regardless of provisions of the law of the municipality prescribing the method of appointment and promotion, "if plaintiff performed services . . . for which the compensation is greater than paid plaintiff, defendant (the City of Los Angeles) is bound in law as well as in conscience and good morals to pay plaintiff the reasonable value and worth of that service to defendant . . . " In furtherance of this theory plaintiff asserts that the law of implied contracts as it relates to private corporations applies with equal force to municipal corporations, citing in support thereof the cases of *Argenti* v. *City of San Francisco,* 16 Cal. 256, *San Francisco Gas Co.* v. *City of San Francisco,* 9 Cal. 453, and *Higgins* v. *San Diego Water Co.,* 118 Cal. 525 [45 Pac. 824, 50 Pac. 670].

[2] This same theory was advanced and adversely ruled upon in the cases of *Shaw* v. *City and County of San Francisco,* 13 Cal. App. 547 [110 Pac. 149], and *Burke* v. *Edgar,* 67 Cal. 182 [7 Pac. 488], and we are of the opinion that the doctrine of those cases is controlling here. The substance of that doctrine is that where the charter or the statute prescribes the method by which appointments or assignments to particular positions provided for under municipal government shall be made, it is an essential condition to a recovery of the salary annexed to such positions that the prescribed method of appointment or assignment be followed; and where it is not followed no action on *quantum meruit* will lie against the municipality upon the theory

that the party seeking to recover said salary acted in the capacity and performed the services of such position. (See, also, *Murtagh* v. *City of New York,* 106 App. Div. 98 [94 N. Y. Supp. 308]; 1 Dillon on Municipal Corporations, 5th ed., p. 426, citing cases.) The rule is grounded mainly upon the proposition that the right to receive the salary is an incident which attaches itself to the legal title to the office and not to its occupation and exercise. (*Dorsey* v. *Smith,* 28 Cal. 21; *Ward* v. *Marshall,* 96 Cal. 155 [31 Am. St. Rep. 198, 30 Pac. 113].) In *Shaw* v. *City and County of San Francisco, supra,* it was said that to permit a liability to be imposed upon a municipality to pay for services rendered under appointments made contrary to the explicit provisions of the law "would be to fritter away the entire scheme for civil service appointments contained in the charter"; and it was further stated that those seeking to recover the salaries "were bound to see that their appointments were made according to the requirements of the charter. If they neglected this, or chose to take the hazard of accepting a void appointment, they are mere volunteers, and suffered only what they should have anticipated." The case of *Argenti* v. *City of San Francisco, supra,* upon which plaintiff strongly relies, is referred to in the Shaw case, and for the reasons therein stated cannot be considered as an authority here. In the instant case the fact that the positions plaintiff claims to have occupied were created by ordinance enacted pursuant to civil service provisions of the charter rather than by the charter itself does not affect the situation, for, as already pointed out, the positions in question were promotional ones which could be filled only in the manner prescribed by the charter; and this was not done. We conclude, therefore, as defendants contend, that in the absence of allegations of an appointment or promotion of plaintiff, in conformity with the charter provisions, to the two positions mentioned in the first four counts of the complaint, each of said counts failed to state a cause of action and consequently the demurrer thereto was properly sustained.

[3] The fifth count declares upon an implied contract for the payment to plaintiff of the sum of $2,764.54 claimed to be the balance due for services rendered by him as civil engineer in making for the city, during the period of time

he was employed in other capacities in the engineering department, an appraisal of a reduction plant. Section 207 of the charter provides in substance that every contract involving an expenditure of more than $500 shall be made only after certain preliminary proceedings which are specified in said section have been followed. There is no allegation in the complaint of a compliance with these requirements of the charter, nor does plaintiff make any pretense that an attempt was made to comply with them, his claim for compensation being based entirely upon the theory of an implied contract. The case of *Gamewell Fire Alarm Tel. Co.* v. *City of Los Angeles,* 45 Cal. App. 149 [187 Pac. 163], is decisive of this point, it being expressly held that unless the charter provisions above mentioned regarding the making of contracts be observed, the city is not liable and recovery cannot be had on a *quantum meruit.* The case of *Higgins* v. *San Diego Water Co., supra,* upon which plaintiff places much reliance, is not in point, as is clearly demonstrated by the decision in the case of *Reams* v. *Cooley,* 171 Cal. 150 [Ann. Cas. 1917A, 1260, 152 Pac. 293], wherein the court said, in discussing the inapplication of the rule of *quantum meruit* against municipalities: "This rule of implied liability is applied only in those cases where the board or muncipality is given the general power to contract with reference to a subject matter and the express contract which it has assumed to enter into in pursuance of this general power is invalid for some mere irregularity or some invalidity in the execution thereof; where the form or manner of entering into a contract is not violative of any statutory restriction upon the general power of the governing body to contract nor violative of public policy. In the absence of such restriction on the mode or manner of contracting the same general rule applies to such inferior political bodies as to individuals and the former will be held responsible on an implied contract for the payment of benefits it receives under an illegal express contract not prohibited by law. This is the effect of the cases cited by appellant and relied on by him, notably *Higgins* v. *San Diego Water Co.,* 118 Cal. 524 [45 Pac. 824, 50 Pac. 670], *Sacramento* v. *Southern Pacific Co.,* 127 Cal. 217 [59 Pac. 568, 825], and *Contra Costa Water Co.* v. *Breed,* 139 Cal. 432 [73 Pac. 189]. But while the doctrine of implied lia-

bility applies where general power to contract on a subject exists and the form or manner of doing so is not expressly provided by charter or statute, the decided weight of authority is to the effect that when by statute the power of the board or municipality to make a contract is limited to a certain prescribed method of doing so and any other method of doing it is expressly or impliedly prohibited, no implied liability can arise for benefits received under a contract made in violation of the particularly prescribed statutory mode. . . . Where the statute prescribes the only mode by which the power to contract shall be exercised the *mode* is the *measure* of the power. A contract made otherwise than as so prescribed is not binding or obligatory as a contract and the doctrine of implied liability has no application in such cases.'' (Citing the case of *Zottman* v. *San Francisco,* 20 Cal. 97 [81 Am. Dec. 96], and many others.)

For the reasons hereinabove stated we are of the opinion that the demurrer was properly sustained. The judgment appealed from is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.