[S. F. No. 1138.   Department Two.—June 19, 1899.]

CITY IMPROVEMENT COMPANY, Appellant, v. WILLIAM BRODERICK, Auditor, et cetera, Respondent.

STREET WORK IN SAN FRANCISCO—LANDS OF CITY—PRIVATE CONTRACT NOT AUTHORIZED.—The city of San Francisco has no power either under the consolidation act and amendments thereto, or under the Vrooman act, to make a private contract, without competitive bidding, for street work in front of the lands owned by it, the cost of which is chargeable against and payable out of the funds of the city.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

Garret W. McEnerney, for Respondent.

HENSHAW J.—Petitioner brought mandate against the respondent. A general demurrer was sustained to his petition, and he appeals from the judgment, thereafter entered.   Petitioner did certain street work upon a street of the city and county of San Francisco, in front of Alamo square, the property of the

city. The cost of this particular piece of work is chargeable against and payable out of the funds of the city. The contract, however, was awarded without competitive bidding. Upon this ground the auditor refused to allow the demand, and it was upon this ground that the trial court sustained his general demurrer to the petition. The question involved is that of the power of the city and county of San Francisco to make a private contract, without competitive bidding, for street work in front of the lands owned by it.

The consolidation act of the city and county of San Francisco (Stats. 1856, p. 145) provided for the improvement of the public streets and highways of San Francisco. It made provision for the doing of street work by the municipality in front of the property owned by it, but it declared that such contracts should be let to the lowest bidder. (Stats. 1856, sec. 38, p. 156.) This provision was repealed by a later act. (Stats. 1871-72, p. 804.) This statute also contained the same provision requiring the contract of the municipality for the doing of this work to be let to the lowest bidder. In *Thomason v. Ashworth,* 73 Cal. 73, it was held that the general street law, the Vrooman act, superseded the scheme provided for the city of San Francisco by the act of 1872. Under the decision in *Thomason v. Ashworth, supra,* either the whole of the act of 1872 was "struck dead," or only such portion of it as was in conflict with the provisions of the Vrooman act. If the latter view be accepted, then the provisions of the act of 1872 requiring the city and county of San Francisco to let such contracts under competitive biding is still in force, and the judgment of the trial court was therefore properly given. If, upon the other hand, the former view is to prevail, then one must look to the Vrooman act for the power of the municipality to let a contract of this kind, and herein it has been decided that no work can be done by the municipality under this law except under competitive bidding. (*Santa Cruz Rock P. Co. v. Broderick,* 113 Cal. 628.)

The judgment appealed from is therefore affirmed

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.