[S. F. No. 4843.    In Bank.—April 28, 1908.]

## CLYDE S. PAYNE, Appellant, v. HARRY BAEHR, Respondent.

PUBLIC OFFICER—REFUSAL TO PERFORM OFFICIAL DUTY—LIABILITY FOR SPECIAL INJURY—MANDAMUS.—A public officer is liable to respond in damages to one specially injured by his neglect or refusal to perform an official ministerial duty to the extent of such special injury, and under the statutes of this state (Pol. Code, sec. 4332; County Government Act, sec. 222) for every failure or refusal to perform official duty where the fees are tendered, the officer is liable on his official bond. This remedy to the injured party necessarily exists independently of the right of a party beneficially interested in the performance of an official duty to compel the performance of the same by the proceeding of *mandamus*.

ID.—GARNISHMENT OF MONEYS OWING BY MUNICIPALITY—DUTY OF AUDITOR TO JUDGMENT CREDITOR.—Under section 710 of the Code of Civil Procedure, enacted March 20, 1903, it is the official duty of the auditor of the city and county of San Francisco to draw his warrant, upon compliance with the conditions specified in such section, for the benefit of a judgment creditor of a person to whom the city and county owes money, and for the failure to perform such duty the auditor is liable in damages to such judgment creditor properly demanding the performance of such duty.

ID.—SALARY OF POLICE COURT STENOGRAPHER—PLEADING—PRESENTATION OF DEMAND.—In an action against such auditor to recover damages for his failure to draw a warrant against the amount due for salary to an official stenographer of the police court of said city and county, for the benefit of a judgment creditor of that official, a complaint which alleges that the stenographer had performed all conditions on his part to be performed "to entitle him to have his demand against the treasury audited by said auditor," sufficiently avers, as against a general demurrer, the presentation of a demand in proper form to be audited by the auditor.

ID.—FILING OF AUTHENTICATED TRANSCRIPT OF JUDGMENT—DAMAGES—EXEMPTION OF SALARY FROM EXECUTION.—In such an action, it is not necessary to allege in the complaint that the authenticated transcript of the judgment, required to be filed with the auditor under

section 710 of the Code of Civil Procedure, was filed subsequent
to the auditing by him of the stenographer's demand for salary;
nor in order to show damage to the plaintiff, was it necessary that
the complaint should allege that the money owing to the stenogra-
pher from the city and county were in whole or in part not exempt
from execution. Such exemption, if it existed, was a matter for ·
the defendant to show on the issue of damages.

ID.—MONEY OWING BY MUNICIPALITY—ACCRUAL OF CLAIM.—Under that
section, the judgment creditor can obtain only such money as "is
owing to the judgment debtor" at the time of the filing of the
authenticated transcript of judgment and affidavit, but money may
be so "owing" although the demand therefor has not been audited.
It is sufficient that the claim of the judgment debtor against the
city and county has fully accrued at the time of the filing of the
transcript, and when finally the demand is audited and ready for
payment, the transcript of judgment previously filed is sufficient
to cover the audited claim to the extent that it had accrued at
the time of such filing.

ID.—APPROVAL OF JUDGMENT CREDITOR'S DEMAND—DEMAND ON AUDITOR
FOR DAMAGES.—In such an action, it was not necessary for the
demand of the judgment creditor of the stenographer to be ap-
proved by the police judges, nor was it essential to his cause of
action against the auditor for damages that he should have made
any demand on the auditor, other than the demand embraced in
the filing of the authenticated transcript of judgment and affidavit
provided for by section 710 of the Code of Civil Procedure.

PLEADING—AMENDMENT OF COMPLAINT.—Unless it be clear to a trial
court that a defective complaint cannot be amended so as to obviate
the objections made thereto, a plaintiff desiring it should be
allowed reasonable opportunity to so amend.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

John Hubert Mee, for Appellant.

W. H. Cobb, and A. L. Weil, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment dis-
missing the plaintiff's action upon sustaining defendant's
demurrer to plaintiff's complaint. The action was one for the
recovery of damages for the failure of defendant, as auditor
of the city and county of San Francisco, to draw his war-
rants in favor of the justices' and superior courts of said

city and county for sufficient to pay certain judgments recov-
ered in said courts by plaintiff against one Howard Vernon,
a creditor of said county. The complaint was in two counts
in substantially the same form, the first alleging a judgment
of the justice's court given and made on October 9, 1901, for
$325.86, and the second alleging a judgment of the superior
court given and made on June 22, 1904, for $395.49, being
apparently a judgment recovered on the justice's court judg-
ment. The demurrer attacked each count, both for want of
facts, and for uncertainty, ambiguity, and unintelligibility.

The action is based on the provisions of section 710, Code
of Civil Procedure, enacted March 20, 1903 (Stats. 1903, p.
362), providing for the garnishment of moneys owing a judg-
ment debtor from any county, city and county, city, or other
municipal or public corporation. That section has been held
constitutional by this court, and applicable to the salaries of
public employees, at least to all except officers whose salaries
are fixed by a provision of the constitution, and in a proceed-
ing for a writ of mandate instituted by a salaried employee
to compel the auditor of the city and county of San Francisco
to audit and allow a demand in favor of petitioner for his
salary, the writ was denied on the ground that such auditor
had been served by a creditor of the petitioner with a certified
copy of a judgment for ninety-eight dollars in his favor
against the petitioner, accompanied by the affidavit prescribed
by said section. It was held that it was the duty of the
auditor, under this section, to deliver the demand, when
audited, allowed, and indorsed, to the court rendering the
judgment, or its authorized officer. (*Ruperich* v. *Baehr*, 142
Cal. 190, [75 Pac. 782].)

Section 710, Code of Civil Procedure, provides that when
a duly authenticated transcript of a judgment, for money,
against a defendant, rendered by any court in this state,
accompanied by an affidavit stating the exact amount at the
time due on such judgment and that the claimant desires to
avail himself of the provisions of the section, is filed with the
auditor of any county, city and county, etc., from which money
"is owing to the judgment debtor in such action," "it shall
be the duty of any such official . . . to draw his warrant in
favor of or to pay into the court from the docket of which
the transcript was taken," so much of the money owing to

the judgment debtor as shall be necessary under the judgment, so that the court may properly apply the same. The law thus prescribes an official duty, ministerial in nature, to be performed by the auditor for the benefit of the judgment creditor, when properly requested, somewhat analogous to the duty of a sheriff to whom a writ of attachment or execution is delivered with directions to levy the same. It cannot reasonably be claimed that he would not be liable to the creditor properly demanding the performance of such duty, for any actual damage caused such creditor by his refusal to perform the same. It is elementary that a public officer is liable to respond in damages to one specially injured by his neglect or refusal to perform an official ministerial duty to the extent of such special injury (See *Mock* v. *Santa Rosa*, 126 Cal. 330, 344, [58 Pac. 826]), and our statutes provide that for every failure or refusal to perform official duty where the fees are tendered, the officer is liable on his official bond. (Pol. Code, sec. 4332; County Government Act, sec. 222.) This remedy to the injured party necessarily exists independently of the right of a party beneficially interested in the performance of an official duty to compel the performance of the same by a resort to the proceeding of mandamus. We are of the opinion that, as against a general demurrer for want of facts, the complaint sufficiently stated a cause of action for damages specially caused plaintiff by the failure and refusal of defendant to perform a ministerial duty which he was called upon to perform for the benefit of plaintiff.

It is substantially alleged in the second count of the complaint that the defendant was at all the times named the auditor of the city and county of San Francisco; that ever since January 2, 1901, one Howard Vernon was a stenographer of the police court of said city and county under appointment by the judges thereof; that during the months of May, June, July, and August, 1903, said Vernon performed all duties pertaining to his said position, and "all conditions on his part to be performed to entitle him to have his demand against the treasury of said city and county" for two hundred dollars for each of said months "audited by said auditor"; that said auditor has "audited" each of said demands, but did not deliver and has not delivered any of said demands to said Vernon; that on June 22, 1904, in the superior court

of said city and county, a judgment was duly given and made, in favor of plaintiff and against said Vernon for $395.49, which judgment remains wholly unpaid; that on September 1, 1904, a duly authenticated transcript of such judgment, accompanied by the affidavit prescribed by section 710, was filed with defendant as auditor; that during the month of August, 1904, said Vernon performed all the duties pertaining to his said position and "all conditions on his part to be performed to entitle him to have his demand against the treasury . . . for the sum of two hundred ($200) dollars audited by said auditor," and that the auditor audited the same for said amount, "and after the filing of the authenticated transcript of judgment and affidavit" hereinbefore referred to, delivered the demand so audited to said Vernon; that at the time said affidavit and said transcript of judgment were filed with the auditor "there was unpaid to said Howard Vernon by said city and county of San Francisco" the sum of one thousand dollars for services rendered by him as such stenographer for the months of May, June, July, and August, 1903, and August, 1904; that said defendant has refused and failed to comply with the demand of plaintiff and to draw his warrant in favor of said superior court for so much of said money as would satisfy said judgment; and that "by reason of the premises plaintiff was damaged in the sum of" $400.79, the amount due on said judgment. These allegations sufficiently make a *prima facie* case as against the general demurrer.

In regard to the objection that it was not alleged that the demands of Vernon had been approved in writing by the police judges, it was alleged that Vernon had performed all conditions on his part to be performed "to entitle him to have his demand against the treasury . . . audited by said auditor," which sufficiently implied, as against the general demurrer, the presentation of a demand in proper form to be audited by the auditor.

The objection that it does not appear in the complaint that the authenticated transcript was filed subsequent to the auditing by the auditor is immaterial. It is undoubtedly true that the judgment creditor can obtain under section 710, Code of Civil Procedure, only such money as "is owing to the judgment debtor" at the time of the filing of the authenti-

cated transcript of judgment and affidavit, but money may be so "owing" although the demand therefor has not been audited. It is sufficient for all the purposes of this section that the claim of the judgment debtor against the city and county has fully accrued at the time of the filing of the transcript, etc., and that nothing remains to be done to entitle him to the money except the presentation of a proper demand therefor, and the approval of the same by the auditor. The auditor is, of course, not required to do anything in the way of drawing his warrant until after audit, but when finally the demand is audited and ready for payment, the transcript of judgment previously filed is sufficient to cover the audited claim to the extent that it had accrued at the time of such filing. The delivery of the audited claim to the person entitled thereto may, and generally does, immediately follow the auditing, and a construction of section 710 which would require the transcript of judgment to be filed after audit and before delivery would practically nullify the remedy sought to be granted judgment creditors thereby.

The allegations sufficiently showed as against the general demurrer that there was one thousand dollars "owing to the judgment debtor" from the city and county at the time of the filing of the transcript of judgment and affidavit.

It was not necessary in order to show damage to plaintiff that the complaint should allege that the moneys owing to Vernon from the city and county were in whole or in part not exempt from execution. It was alleged in terms that plaintiff was damaged in the sum of $400.79 by the failure of the auditor to perform the duty incumbent on him in the matter of plaintiff's claim, which sufficiently tendered an issue as to damage and the amount thereof. If the circumstances were such as to exempt all or any portion of this money from execution, so that plaintiff would not have been able to obtain the amount due him on the judgment from the money that would have come into the possession of the court if the auditor had done his duty, that was, at most, a matter for the defendant to show on the issue of damage.

We have now discussed all the objections urged by defendants under the general demurrer for want of facts, which are applicable to the second count. There is an additional objection applicable only to the first count. The judgment upon

which the claim set forth in that count was based was rendered in the year 1901, which was prior to the enactment of section 710, Code of Civil Procedure, and it is claimed that the section has no application to judgments rendered prior to its enactment. It is not necessary to consider this contention for the purposes of this appeal, for if the demurrer was improperly sustained as to the second count, the judgment must be reversed, and as the second count is apparently based on a later judgment obtained in an action given in 1901, the question may be immaterial in any further proceedings in this case.

The demurrer on the ground of uncertainty was not well taken in so far as the second count was concerned.

Conceding that it was necessary that the demand of Vernon against the city and county should have been approved by the police judges of the city and county before it could be audited by the auditor, it was not necessary that the demand of *plaintiff*, Payne, should be approved by said police judges, and a specification of uncertainty in this regard is immaterial.

It was not essential to a cause of action in favor of plaintiff against the auditor for damages that he should have made any demand on the auditor, other than the demand embraced in the filing of the authenticated transcript of judgment and affidavit provided for by section 710 of the Code of Civil Procedure, which affidavit in terms stated that the creditor desired to avail himself of the provisions of this section.

As we have seen, such a demand will cover moneys "owing" to the judgment debtor at the time of the filing, although the claim therefor has not as yet been audited.

It does clearly appear in the complaint that the demand of Vernon was audited prior to the commencement of the action. This disposes of all objections on the ground of uncertainty which were applicable to the second count. Specifications of ambiguity and unintelligibility were the same as those of uncertainty, and none of them was well taken.

It thus appears that the demurrer should have been overruled, at least so far as the second count is concerned. It is, therefore, unnecessary to consider the contention of appellant that even if the demurrer was good, the trial court erred in sustaining it *without leave to plaintiff to amend.* It is proper, however, to state that unless it be clear to a trial court that

a defective complaint cannot be amended so as to obviate the objections made thereto, a plaintiff desiring it should be allowed reasonable opportunity to so amend. (See *Schaake v. Eagle etc. Can. Co.*, 135 Cal. 480, [63 Pac. 1025, 67 Pac. 759].)

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.