[Civ. No. 693. First Appellate District.—June 1, 1910.]

## H. M. SHAW, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, etc., Appellant.

San Francisco Charter—Void Appointment of Deputy Registrars—Violation of Civil Service Provisions.—Appointments of deputy registrars by the board of election commissioners of the city and county of San Francisco, not made from the list of civil service eligibles provided for in the charter, none of whom had taken the competitive examination provided for therein, and which were made in entire disregard of the civil service provisions of the charter, were void, and conferred no rights upon the appointees.

Id.—Action for Reasonable Services not Tenable.—Such appointments being void, no action will lie in favor of the appointees to recover from the city and county the reasonable value of their services. Such an action is contrary to the settled rule in this state.

Id.—Charter Provisions not Allowed to be Frittered Away.—To permit a liability to be imposed upon the city and county to pay for services rendered under appointments made contrary to the express provisions of its charter declaring the same to be void would be to fritter away the entire scheme for civil service appointments contained in the charter.

Id.—Duty of Appointees to Secure Valid Appointments—Assumption of Risk.—The appointees were bound to see that their appointments were made according to the requirements of the charter, which they ought to have known. If they neglected this, or chose to take the hazard of accepting a void appointment, they were mere volunteers, and suffer only what they should have anticipated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and John T. Nourse, and J. F. English, Assistant City Attorney, for Appellant.

Costello & Costello, for Respondent.

HALL, J.—Plaintiff, in his own right, and as the assignee of forty-six other persons, brought an action to recover the total sum of $5,600, as the reasonable value of services rendered by plaintiff and his several assignors, as deputy registrars of voters of the city and county of San Francisco under

appointments made by resolution adopted by the board of election commissioners of said city and county in regular session assembled. (In this opinion plaintiff and his assignors will hereafter be referred to as the plaintiffs.)

Plaintiffs recovered judgment as prayed for, and this is an appeal from such judgment, taken upon the judgment-roll.

It appears from the findings that the positions to which plaintiffs were appointed had been duly included by the civil service commissioners of the city and county within the civil service commission system, and that in accordance therewith appointments to such positions should and could only be made from the list of civil service eligibles for the class or grade to which the positions belonged. It further appears that the plaintiffs were appointed in entire disregard of the civil service provisions of the charter. None of them even took the competitive examination required by the charter, and the name of no one of said plaintiffs was upon the register or list of civil service eligibles. In fact, no attempt was made by plaintiffs or the board of election commissioners to comply with the requirements of the civil service provisions of the charter.

The civil service provisions of the charter are contained in article XIII thereof, and section 11 of said article provides that "All officers, courts, boards and heads of departments, vested in this charter with the power to appoint deputies, clerks, stenographers or employees in any of the offices or departments of the city and county mentioned in this section, shall make such appointments in conformity with the rules and provisions prescribed by this article, and any appointment not so made shall be void." The section further expressly provides that the provisions of article XIII shall apply to the board of election commissioners.

In the face of these provisions of the charter, it is not claimed by respondent that the appointments of plaintiffs were valid. On the contrary, it seems to be conceded that such appointments were void. Plaintiffs sought to recover and did recover, upon the theory that, though their appointments were void as having been made in violation of the clear and express provisions of the law, yet as they performed the services, and appellant received the benefit thereof, plaintiffs are entitled to recover the reasonable value of such services from the municipality.

To this doctrine we cannot subscribe. It is contrary to the rule laid down in this state in well-considered cases, the leading one of which is *Zottman* v. *San Francisco*, 20 Cal. 97, [81 Am. Dec. 96]. To the same effect are *Santa Cruz Rock Pavement Co.* v. *Broderick*, 113 Cal. 628, [45 Pac. 863]; *City Improvement Co.* v. *Broderick*, 125 Cal. 139, [57 Pac. 776]; *Times Publishing Co.* v. *Weatherby*, 139 Cal. 618, [73 Pac. 465]; *Fountain* v. *City of Sacramento*, 1 Cal. App. 462, [82 Pac. 637].

To permit a liability to be imposed upon the municipality to pay for services rendered under appointments made, as in this case, contrary to the explicit provisions of the law, and by the law declared to be void, would be to fritter away the entire scheme for civil service appointments contained in the charter. This we may not do. In *Zottman* v. *San Francisco*, the plaintiff sought to recover for work done on the public streets of the municipality under a contract let to plaintiff in disregard of the requirements of the law regarding such contracts. The claim that plaintiff could recover upon a *quantum meruit*, because the work had been performed and accepted, was pressed upon the court. It was held that the contractor could neither recover upon his express contract nor upon *quantum meruit*. The court said: "It may sometimes seem a hardship upon a contractor that all compensation for work done, etc., should be denied him, but it should be remembered that he, no less than the officers of the corporation, when he deals in a matter expressly provided for in the charter, is bound to see to it that the charter is complied with. If he neglect this, or choose to take the hazard, he is a mere volunteer, and suffers only what he ought to have anticipated. If the statute forbids the contract which he has made, he knows it, or ought to know it, before he places his money or services at hazard."

So, too, in the case at bar, the plaintiffs as well as the board of election commissioners, when the appointments were made, knew or ought to have known that they were made in contravention of the provisions of the charter, and were under the law void. Plaintiffs were bound to see that their appointments were made according to the requirements of the charter. If they neglected this, or chose to take the hazard of accepting a void appointment, they were mere volunteers, and suffer only what they should have anticipated.

Respondent contends that the doctrine laid down in *Zott-man* v. *San Francisco,* 20 Cal. 97, [81 Am. Dec. 96], has been repudiated in the later case of *Contra Costa Water Co.* v. *Breed,* 139 Cal. 432, [73 Pac. 189]. This latter case is peculiar in its facts, and it may be conceded that in the opinion of Justice McFarland the soundness of the rule enunciated in the Zottman case is questioned. But this opinion was concurred in by but one other justice, while Justice Angellotti and two other justices concurred in the judgment upon grounds not affecting the rule of the Zottman case. On the other hand, Chief Justice Beatty also concurred in the judgment, but took pains to affirm his adherence to the rule of the Zottman case, and to further show that the doctrine of estoppel against a municipality, enunciated in the opinion of Justice Cope in *Argenti* v. *City of San Francisco,* 16 Cal. 256, cited by respondent herein, never was concurred in by his associates, and was subsequently expressly repudiated by him in the Zottman case.

It thus cannot be said that the court in *Contra Costa Water Co.* v. *Breed* overruled the Zottman case.

Respondent suggests in a supplemental brief that "should this court determine this case favorably to respondent, the civil service scheme cannot be in any wise injuriously affected, for the reason that it cannot be presumed that city officials will in future perform their duties in an irregular or illegal manner."

This suggestion does not appeal to this court with much force. It occurs to us that such action would encourage disregard of the civil service provisions of the charter. The most certain way to enforce compliance with such provisions is to deny compensation out of the public funds to persons receiving such void and illegal appointments.

The judgment is reversed, with directions to the trial court to enter judgment in favor of appellant for its costs.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 28, 1910.