[Civ. No. 11924.   First Dist.   Div. Two.   July 15, 1942.]

WILLIAMS BROTHERS & HAAS, INC. (a Corporation), Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

Walter Shelton for Appellant.

John J. O'Toole, City Attorney, Dion R. Holm, Assistant City Attorney, and Nora A. Blichfeldt, Deputy City Attorney, for Respondent.

NOURSE, P. J.—Plaintiff had a contract with the defendant for the construction of a pipe line over property which was in process of condemnation in a proceeding pending in the superior court. During operations under the contract heavy rains caused a slide which damaged a portion of the property which was condemned. A dispute arose between this contractor, the city, and the property owner as to who was responsible for this damage. The contractor and the city executed a contract agreeing that the contractor should repair the damage and that the city should pay one-half of the cost of repairs, but not to exceed $7,000. This agreement was not approved by the city controller. The contractor completed the repairs at a cost in excess of $15,000, and presented his claim to the city for $7,000. This claim was not presented within the sixty-day period prescribed by the city charter. Upon the termination of the city's suit for condemnation of the right of way it was determined that the slide was the result of natural causes, and that the city was not chargeable with damages to the property owner on that account.

In the trial of the instant case the defendant had judgment upon the pleadings and a stipulation of facts and plaintiff's appeal from this judgment presents the single question whether the charter provisions relating to the execution of contracts and the presentation of claims thereunder are controlling.

Section 86 of the charter provides that "no obligation involving the expenditure of money shall be incurred or authorized . . . unless the controller first certify that there is a valid appropriation from which the expenditure may be made. . . . All obligations incurred, . . . contrary to the provisions of this section, shall be void. . . ."

It is conceded that there was a failure to comply with these provisions, and for this reason no enforceable liability arose against the city under the contract to pay for the re-

pairs to the property. (*Zottman* v. *San Francisco*, 20 Cal. 96 [81 Am. Dec. 96]; *Gamewell F. A. T. Co.* v. *City of Los Angeles*, 45 Cal. App. 149, 154 [187 Pac. 163].)

█ It is equally well settled that appellant cannot recover *in quantum meruit* where the claim is, based upon a contract made void by such charter restrictions. (*Shaw* v. *San Francisco*, 13 Cal. App. 547, 549 [110 Pac. 149], where numerous cases are cited.)

For these reasons it is immaterial whether the suit is based upon the written contract, on an implied contract for the reasonable value of the services performed, or is one in damages. █ No recovery can be had on a contract express or implied made void by the charter, and no recovery can be had in damages, because appellant failed to file a claim therefor as required by section 87 of the charter. (*Cathey* v. *San Francisco*, 37 Cal. App. (2d) 575, 576 [99 P. (2d) 1109], where cases are cited.)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied August 14, 1942.