[Civ. No. 17332.   First Dist., Div. One.   Mar. 25, 1958.]

GEORGE H. ARMSTRONG, Appellant, v. CITY OF
BELMONT et al., Respondents.

Norman S. Menifee for Appellant.

Paul A. McCarthy, City Attorney, and Kirkbridge, Wilson,
Harzfeld & Wallace for Respondents.

642

WOOD (Fred B.), J.—Judgment was rendered in favor of the city, its councilmen and its city administrator, after sustaining a general demurrer to the second amended complaint, *without leave to amend.*

Plaintiff alleges he built a house in Belmont. Final inspection disclosed full compliance with the city's electrical code, entitling plaintiff to be furnished with electrical service. All electrical wiring was approved by the electrical inspector. Defendants and each of them "arbitrarily, wilfully, maliciously and unlawfully refused to cause or permit to be energized the electrical service for the residence" despite plaintiff's demands that they do so. By reason of said conduct of the defendants plaintiff was compelled to file a complaint before the state Public Utilities Commission against defendant Pacific Gas and Electric Company. The commission ordered the company to install an electric meter and furnish electric service. By reason of defendants' conduct, plaintiff was deprived of electric service for some seven months, to his damage in the sum of $50,000.

█ No cause of action against the city has been stated, nor can there be. The granting, denial or revocation of a permit such as that here involved is, obviously, the exercise of the police power. It bears no relation to any activity that might be carried on by a private enterpriser. It is a governmental function in the performance of which the city is not liable for the misconduct of its officers in the absence of a constitutional or statutory provision imposing liability. We are aware of no such provision.

█ However, we think the complaint does state a cause of action against the officers in their individual capacities. The gist of the complaint is that these persons wrongfully and intentionally prevented plaintiff from getting electric service at his residence for a considerable period of time. If plaintiff proves that, will he not have shown a violation by each individual defendant of his duty "to abstain from injuring the person or property of another, or infringing upon any of his rights"? (Civ. Code, § 1708.) Here we find alleged a willful breach, no mere negligent breach of that duty. If authority be needed, it is furnished by *Doeg* v. *Cook,* 126 Cal. 213, 216 [58 P. 707, 77 Am.St.Rep. 171]; *Mock* v. *City of Santa Rosa,* 126 Cal. 330, 344 [58 P. 826]; *Payne* v. *Baehr,* 153 Cal. 441, 444 [95 P. 895]; *Fernelius* v. *Pierce,* 22 Cal.2d 226 [138 P.2d 12]; *Dillwood* v. *Riecks,* 42 Cal.App. 602, 610 [184 P. 35]; *Ham* v. *County of Los Angeles,* 46 Cal.App. 148, 161 [189 P. 462];

*People* v. *Standard Accident Ins. Co.,* 42 Cal.App.2d 409, 411
[108 P.2d 923]; *Bettencourt* v. *State,* 139 Cal.App.2d 255,
257 [293 P.2d 472]; *Collenburg* v. *County of Los Angeles,*
150 Cal.App.2d 795, 802 [310 P.2d 989]. *Stang* v. *Mill Valley,*
38 Cal.2d 486, 488 [240 P.2d 980], is inapplicable. The court
there held that the alleged aggravation of property damage
by fire resulting from negligent maintenance of a fire hydrant
was the denial of a benefit owing to the community as a
whole. There was no such duty owing to the individual prop-
erty owner as would furnish a basis for redress in the form of
compensatory relief for property injured. That, obviously, is
not the situation here.

Defendants urge that upon the basis of the facts alleged
in the complaint, if proven, plaintiff was entitled to a writ
of mandamus to compel issuance of the permit and, therefore,
should not be allowed to stand by, augment his damages in-
stead of mitigating them, and then be given compensatory
relief. A similar contention was overruled in *Payne* v. *Baehr,*
*supra,* 153 Cal. 441, 444.

Nor are we persuaded by defendant's argument that the
electric company's refusal to furnish electric energy (until
ordered so to do by the state commission) was an unforesee-
able, independent, intervening cause; hence, the sole cause
of plaintiff's injury. The fallacy of such a line of reasoning
is too obvious to require elaboration.

The doctrine of *respondeat superior* is not here involved.
The complaint speaks of the personal conduct of each council-
man and the city administrator. It alleges an intentional (not
merely negligent) failure and refusal to perform a nondiscre-
tionary duty imposed by law. It invokes the officers' common
law liability as individuals.     We observe that the caption
of the complaint gives the names of the defendant council
members followed by the designation "individually and as
members of the City Council" but refers to defendant Fred
J. Nelson simply "as City Administrator." The latter desig-
nation can and should be regarded as *descriptio personae,*
upon the authority of *Mock* v. *City of Santa Rosa, supra,* 126
Cal. 330, 343-344.

The judgment is reversed as to respondents Wallace Benson,
Charles H. Cook, Ildo L. Rosellini, Donnell B. McCarthy, F.
Nason O'Hara and Fred J. Nelson in their individual capaci-
ties, with instructions to the trial court to overrule the gen-
eral demurrer of said respondents to the second amended
complaint; in all other respects the judgment is affirmed. The

respondent city will recover its costs upon this appeal from the appellant and the appellant will recover his costs from the other respondents.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied April 24, 1958, and the petition of respondents with the exception of Pacific Gas & Electric Co. for a hearing by the Supreme Court was denied May 21, 1958.