[Civ. No. 6028.   Fourth Dist.   Feb. 17, 1960.]

RICHARD HARDING TOMLINSON, a Minor, etc., et al., Appellants, v. VERBIE L. PIERCE et al., Respondents.

Truman Campbell and Oren, McCartney, Sells & Edman for Appellants.

Crowe, Mitchell, Hurlbutt & Clevenger for Respondents.

GRIFFIN, P. J.—This appeal involves the propriety of an order sustaining a demurrer to plaintiffs' amended complaint without leave to amend. It is alleged therein that plaintiffs-appellants were minors; that their mother and father were killed on January 7, 1957, as the result of the negligence of defendants-respondents; that defendant Pierce was a police officer of Porterville and defendant Kendrick was its chief of police; that about 7 p.m. on said day, Pierce was on duty as such officer; that he did then observe, accost and interrogate one Gfeller who was then intoxicated and incapable of safely driving his automobile on a public highway and knew he was about to do so; that he negligently failed to arrest and detain him at that time and allowed him to remain at large in violation of his duty; that about 7:30 p.m., while plaintiffs' father was driving his car on Highway 65 in said county, Gfeller, in

a drunken condition, drove his car on said highway and collided with plaintiffs' father's car causing the death of plaintiffs' parents; that the defendant chief of police had the power to discipline or suspend said defendant Pierce for unfitness, known to him, but violated his duty in failing to do so.

Judgment for the alleged damages is sought by plaintiffs. It is also alleged that a proper verified claim was filed in accordance with the law and denied. A demurrer to the amended complaint was sustained without leave to amend. Judgment for defendants followed.

It is plaintiffs' contention on appeal that when the officer accosted and interrogated the intoxicated individual who expressed an intent to operate a motor vehicle, the defendant police officer owed a plain and certain duty to that segment of the public then using the highways, and his failure to complete the prompt performance of that duty constituted actionable negligence; that his negligence was the proximate cause of the collision and wrongful death in that it was clearly foreseeable by him that the person released upon the highways in an intoxicated condition might cause injuries or death to some member of the traveling public and that under the doctrine announced in *Fernelius* v. *Pierce,* 22 Cal.2d 226 [138 P.2d 12], a cause of action was stated against the chief of police. Citing *Noble* v. *City of Palo Alto,* 89 Cal.App. 47 [264 P. 529] ; *Doeg* v. *Cook,* 126 Cal. 213 [58 P. 707, 77 Am.St.Rep. 171] ; 21 Cal. Jur. 908, § 88; *Collenburg* v. *County of Los Angeles,* 150 Cal. App.2d 795 [310 P.2d 989] ; *Larue* v. *Davies,* 8 Cal.App. 750 [97 P. 903] ; *McEvoy* v. *American Pool Corp.,* 32 Cal.2d 295 [195 P.2d 783] ; *Ferroggiaro* v. *Bowline,* 153 Cal.App.2d 759 [315 P.2d 446] ; *Dillwood* v. *Riecks,* 42 Cal.App. 602 [184 P. 35] ; Gov. Code, §§ 26600-1, 41601-2.

It will be noted that plaintiffs' amended complaint merely alleges that defendant Pierce "did observe, accost and interrogate" Gfeller at some undisclosed place one-half hour before the accident. The pleading did not indicate that at that time he was driving a car, nor did it indicate what law, if any, he was at the time violating. The allegation is that the officer was "informed and knew that said Vernon Gfeller *intended* to drive and operate an automobile upon the public highways" without reference to time or place, and that he then negligently failed to arrest and detain him and permitted him to "remain at large" in his intoxicated condition.

Bearing on the question of the claimed duty of the police officer to arrest Gfeller and take him into custody at the time

and place, it is alleged he observed, accosted and interrogated him. It is to be noted that the court, in the first instance, sustained a special and a general demurrer to the original complaint with leave to amend. No further amendment, in this respect, was made in the amended complaint and the trial court then sustained it without leave to amend, apparently believing that no further amendment could be made with respect to these particular allegations. Plaintiffs intimate in their *closing* brief, for the first time, that when uncertainties or ambiguities appear in the complaint, it should be open to correction by amendment. In the *opening* brief, plaintiffs concede that the question presented to the trial court was whether plaintiffs' complaint, as amended, stated a cause of action and also stated this was the ultimate question for this court to determine. We will therefore consider the allegations as therein set forth:

▮ The elementary rule is set forth in *Routh* v. *Quinn*, 20 Cal.2d 488, 491 [127 P.2d 1, 149 A.L.R. 215]:

". . . that an indispensable factor to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member."

In *Stang* v. *City of Mill Valley*, 38 Cal.2d 486 [240 P.2d 980], it was held that there was no liability imposed on a city, the city manager or fire chief for failure to provide sufficient water for effective fire control. It likewise held that the "Failure of a governmental function involves the denial of a benefit owing to the community as a whole, but it does not constitute a wrong or injury to a member thereof so as to give rise to a right of individual redress, which right must be predicated on the violation of a duty of care owed to the injured party." It is true that the pleading here under consideration does not necessarily involve the question of immunity but it does involve the question of an omission to perform a legal duty, and many cited authorities herein relied upon may be distinguished on this ground. ▮ As we construe the pleadings, plaintiffs' cause of action is founded upon the premise that when a police officer has knowledge that a member of society has formed the intention of committing a crime (i.e., knew that such person intended to drive and operate an automobile upon the public highways in an intoxicated condition at some future time), then for failure to make an arrest and detain such person, the officer becomes liable to all individuals for personal injury and property damage caused by this sub-

sequent criminal act, and the failure to so arrest and detain him may be negligence on the part of the police officer. We find no support for this general proposition of law, either at common law, by statute, or under the California decisions. It was held in *Annala* v. *McLeod,* 122 Mont. 498 [206 P.2d 811], in an action against the sheriff for damages sustained by an individual through riot or mob action, no liability existed for his failure or neglect to carry out his duties; that under common law the sheriff "is the conservator of the public peace and is not liable for an injury to person or property of an individual occasioned from riotous assembly or mob, unless made so by Constitution or statute."

Our attention has not been called to any statute in this state that attaches liability upon a police officer for failure to make an arrest for claimed intoxication alone and to retain the person in custody even though, as in the Montana case, the statute did provide that among his duties was the duty to preserve the peace and arrest and take before the nearest magistrate all persons who attempt to commit or have committed a public offense. There is a vast difference between the cases cited by plaintiffs, involving the relationship between a law-enforcement officer and a person actually arrested and in custody, and the case at bar. Once in custody and in prison, and subject to the control of the law-enforcement officer, the interests of such person are protected against further harm of assault and battery by officers, and the negligence of such officers which cause harm to such person while in custody. The power of a police officer to arrest or not to arrest is a power in which discretion is vested in the officer. Section 836, Penal Code, describing the circumstances permitting an arrest, provides that a peace officer "may" arrest under such circumstances. If he "may" arrest, he may "not" arrest. In *Doeg* v. *Cook, supra,* page 216, cited by plaintiffs, it is said, quoting from Shearman and Redfield on Negligence, third edition, section 156, "The liability of a public officer to an individual for his negligent acts or omissions in the discharge of an official duty depends altogether upon the nature of the duty to which the neglect is alleged. Where his duty is absolute, certain, and imperative, involving merely the execution of a set task—in other words, is simply ministerial—he is liable in damages to anyone specially injured, either by his omitting to perform the task, or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, to be exerted or

withheld according to his own judgment as to what is necessary and proper, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a lawful exercise of them where no corruption or malice can be imputed, and he keeps within the scope of his authority." To the same effect is *People* v. *Standard Acc. Ins. Co.*, 42 Cal.App. 2d 409 [108 P.2d 923]; *South* v. *County of San Benito,* 40 Cal.App. 13 [180 P. 354]; *Caruso* v. *Abbott,* 133 Cal.App.2d 304 [284 P.2d 113].

The complaint lacks sufficient allegations to show a legal duty on the part of the defendant police officer to arrest and detain Gfeller, at the time and place indicated and under the circumstances related. This court had before it a similar question in *Rubinow* v. *County of San Bernardino,* 169 Cal. App.2d 67 [336 P.2d 968], where many of the contentions here made and authorities here relied upon were fully discussed. Under somewhat similar pleadings, this court sustained the ruling of the trial court sustaining a demurrer to the complaint without leave to amend. Plaintiffs argue that this case turned on the sufficiency of the pleadings to show a flat and unequivocal duty on the shoulders of the officers to make an arrest. There is also here involved the sufficiency of the complaint to show that any claimed act of negligence of defendants was the proximate cause of the death of plaintiffs' decedents. The general rule is stated in *Neuber* v. *Royal Realty Co.*, 86 Cal.App.2d 596, 630 [195 P.2d 501], where it is said, "It is not only necessary to prove a defendant's negligence, but it is a basic element in every right of recovery that a defendant's negligence must contribute to the injury— must be the proximate cause of the injury. Unless, in addition to proving defendant's negligence, such negligence is in some way fastened to the injury, then a case is not made out." In *Girard* v. *Monrovia City School Dist.*, 121 Cal.App.2d 737, 742 [264 P.2d 115], the court said: "The facts of the case clearly show that the sole proximate cause of the child's death was that he was struck by an automobile while crossing the street. Assuming that any of the asserted acts or omissions of the districts constituted a breach of a legal duty owed to the child, such breach of duty was a remote, and not a proximate, cause of the death." See also *Johnson* v. *Union Furniture Co.*, 31 Cal.App.2d 234, 237 [87 P.2d 917].

The trial court, in a memorandum opinion, also rejected plaintiffs' contention of proximate cause of negligence on the part of the officer, and relied upon the holding in *Fleckner* v.

*Dionne,* 94 Cal.App.2d 246 [210 P.2d 530], where it was alleged that the defendant, a tavern owner, sold liquor to a minor while the minor was under severe influence of intoxicating liquors; that defendant knew that the minor had an automobile on the premises and would thereafter drive it; that he knew and should have foreseen that the driving of the automobile by him in this intoxicated condition could and would result in harm and damage to others on the highway; that Dionne did so drive his car into another car and injured its passengers; that the sale of the intoxicating liquor to Dionne constituted a negligent disregard of the rights of the plaintiffs which joined with Dionne's negligence in proximately injuring plaintiffs. The court sustained a demurrer to the complaint without leave to amend and this decision was upheld by the higher court. That case was cited with approval in *Cole* v. *Rush,* 45 Cal.2d 345, 350 [289 P.2d 450, 54 A.L.R.2d 1137].

We conclude that the trial court's order sustaining the demurrer to the amended complaint on the grounds indicated was proper.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 13, 1960.