[Civ. No. 19077.   First Dist., Div. One.   Dec. 19, 1960.]

DAVID MILLER, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Joseph Jedeikin for Appellant.

Dion R. Holm, City Attorney, and George E. Baglin, Deputy City Attorney, for Respondents.

DUNIWAY, J.—Appeal by plaintiff from an adverse judgment, entered following an order sustaining a general demurrer to his first amended complaint. He also appeals from the order, which is not appealable. The sole question is whether the complaint states a cause of action. We hold that it does not.

There are three causes of action alleged. The first is predicated upon trespass. It is alleged that on January 2, 1959, plaintiff owned a parcel of real property in San Francisco, and that the defendants who are the city and county of San Francisco, its director of public works, and its chief engineer

and three of his deputies, unlawfully entered and trespassed upon the property by running and operating a sewer through the property. (The positions held by the individual defendants are not directly stated in this cause of action, but are stated in the claim filed against the city, which is referred to in each cause of action.)

The second is predicated upon fraud. It alleges that on December 1, 1958, before the plaintiff purchased the property, he told the defendants that he was contemplating the purchase, that there was a city sewer on the property and that he would not purchase if he would have the additional expense of removing the sewer or changing its location. He also told them that it would be necessary to change or remove the sewer in view of the improvements that he intended to build. The defendants then each ''falsely and fraudulently'' represented to him that the sewer would be changed or removed without any cost to him. The representations were false and known by defendants to be false, ''and made the same for the purpose of purchasing the aforesaid property'' [*sic*]. In reliance on the representations, plaintiff purchased. The representations were made by said defendants as representatives and officers ''of the City and County of San Francisco, without authority, express or implied, to make these representations.''

The third is predicated upon negligence. It alleges that the defendants are public officers of the city and county of San Francisco, that ''in exercise of their discretionary powers, [they] advised plaintiff and represented to plaintiff verbally [*sic*—we presume that this means orally] that said sewer would be changed or removed by said defendants without any cost to plaintiff.'' In reliance on those representations, plaintiff purchased, but the defendants ''so negligently, carelessly, wrongfully and unlawfully, exercised the said discretionary powers they had theretofore assumed . . . so as to rescind the said promises, representations and commitments made to plaintiff, and advised plaintiff that they would not remove or relocate said sewer without cost to plaintiff.''

██ In considering the first cause of action we are entitled to look at the other two, in which it is directly alleged that there was a city sewer on the property before plaintiff purchased. Moreover, the verified claim filed with the original complaint, and incorporated by reference in each cause of action of the amended complaint, so alleges. ██ One cannot state a cause of action by conveniently omitting from one part of a complaint facts which are stated, under oath, to be

true in another part. (*Harrison* v. *Hanson,* 165 Cal.App.2d 370, 377 [331 P.2d 1084] ; *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 328 [253 P.2d 659].)

The mere continued operation of the sewer after plaintiff purchased, with knowledge of its existence, cannot be a trespass, either by the city or by the other defendants. The first cause of action does not allege that the city was not "running and operating" the sewer before January 2, 1959. The claim and the other causes of action allege that it was. Nothing is alleged showing that the city had no right to continue to run and operate the sewer, or that plaintiff, after he purchased, had any right to or did terminate the city's rights.

Operation of a sewer is a governmental function. (*Los Angeles County Flood Control Dist.* v. *Southern Calif. Edison Co.,* 51 Cal.2d 331, 334 [333 P.2d 1] ; *Southern Calif. Gas Co.* v. *City of Los Angeles,* 50 Cal.2d 713, 717 [329 P.2d 289].) The case falls within the principles stated in *Miller* v. *City of Palo Alto,* 208 Cal. 74, 75-76 [280 P. 108], and *Brindamour* v. *Murray,* 7 Cal.2d 73, 78 [59 P.2d 1009]. Appellant purchased with knowledge of, and subject to, the city's rights. He cannot now, by his mere say-so, make a trespass out of the exercise of those rights.

Appellant concedes that the second cause of action does not show any liability on the part of the city. He claims that a cause of action is stated against the other defendants because "the first amended complaint does not set forth the nature of employment of subject officers." This statement is not correct. The claim, which is incorporated by reference, identifies them and the nature of their employment. In a sense, the representations alleged were misstatements of law— i.e., that the city could spend public moneys for the private benefit of plaintiff by removing the sewer. The individual defendants had no power to commit the city to do this. (*Von Schmidt* v. *Widber,* 105 Cal. 151 [38 P. 682] ; *Williams Bros. & Haas, Inc.* v. *City & County of San Francisco,* 53 Cal.App. 2d 415 [128 P.2d 56] ; S. F. Charter, §§ 9, 86; Stats. 1931, pp. 2982, 3030.) Such a misrepresentation of law is not an actionable fraud (*Watt* v. *Patterson,* 125 Cal.App.2d 788, 793 [271 P.2d 200]), at least where, as here, no confidential relationship exists between the parties.

Moreover, if not a representation of law, the statement is a mere promise of a future performance of an act. Such a promise is not actionable unless, when defendants

made it, they had no intention to perform it. This must be alleged, but is not. (*Watson* v. *Santa Carmelita etc. Co.*, 58 Cal.App.2d 709, 713 [137 P.2d 757].)

Even if we assume that the representations, and their fraudulent character, are sufficiently pleaded, appellant cannot prevail. The acts of the defendants were within the scope of their employment, in spite of the contrary conclusion in the complaint. It is clear that each of them holds a position involving duties relating to the sewer in question. Thus, even though their representations be construed to be that they would have the city move the sewer, but without compliance with charter provisions, those representations were within the scope of their employment as that phrase is used in stating the doctrine of the immunity of public officials. In *Oppenheimer* v. *Arnold*, 99 Cal.App.2d 872 [222 P.2d 940], the defendants were a county engineer and his assistant chief deputy, and it was alleged that they unlawfully discharged the plaintiff and gave false testimony against him. It was held, nevertheless, that the defendants were immune. And see *Hardy* v. *Vial*, 48 Cal.2d 577 [311 P.2d 494]. If the individual defendants had told plaintiff that the city *would not* move the sewer, they certainly would have been acting within the scope of their employment. Under the foregoing authorities, they were equally acting within that scope when they told plaintiff that the city *would* move it. See also *White* v. *Brinkman*, 23 Cal.App.2d 307 [73 P.2d 254]; *White* v. *Towers*, 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R. 2d 636]; *Wilson* v. *Sharp*, 42 Cal.2d 675 [268 P.2d 1062].

The claimed "negligence" of the defendants, set forth in the third cause of action, is nothing more than their failure to perform an unenforceable promise. The doctrine of immunity is equally applicable here, especially since the complaint alleges that the statements were made by defendants "in exercise of their discretionary powers." Their failure to act, by removing the sewer, would certainly have been a nonfeasance in the exercise of their powers, and for this they would not be liable under the rule stated in *Dillwood* v. *Riecks*, 42 Cal.App. 602, 610-611 [184 P. 35], the principal case relied upon by appellant. The other case on which he relies, *Armstrong* v. *City of Belmont*, 158 Cal.App.2d 641, 643 [322 P.2d 999], involved "an intentional (*not merely negligent*) failure and refusal to perform a *nondiscretionary duty imposed by law*" (italics ours). It is clearly not in point. We can think of no way in which the complaint can be

amended consistent with the facts stated therein under oath, so as to state a cause of action. It follows that the demurrer was properly sustained without leave to amend.

Appeal from order dismissed; judgment affirmed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied January 11, 1961, and appellant's petition for a hearing by the Supreme Court was denied February 15, 1961.